IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAM SARRATT,<br><br>            Movant,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>            Respondent.<br>_____/ | No.  C 09-03237 CW<br>     CR 08-00283 CW<br><br>ORDER DENYING MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND FOR APPOINTMENT OF COUNSEL |

Movant James William Sarratt moves to set aside and vacate his sentence on the ground that he was manipulated, misinformed and coerced into accepting a plea agreement.  Movant also moves for the appointment of counsel to represent him on this motion.  The United States opposes the motion.  Movant has not filed a reply.  For the reasons set forth below, the Court denies Movant's motions.

                              BACKGROUND

     On April 30, 2008, the grand jury returned an indictment charging Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On September 24, 2008, the grand jury returned a four-count superseding indictment charging Movant with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii), Counts One and Two; with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Count Three; and with using

and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c), Count Four.

Movant agreed to plead guilty to Counts Two and Three pursuant to a written plea agreement. In the plea agreement, Movant agreed to waive his right to appeal his convictions, the judgment or orders of the Court. Plea Agreement ¶ 4. He also agreed to waive his right to file a collateral attack against his convictions or sentence, including a motion under § 2255, except for a claim of ineffective assistance of counsel. Plea Agreement ¶ 5. Movant also agreed not to ask the Court to allow him to withdraw his guilty plea at any time after it was entered, unless the Court did not accept the sentence to which the parties agreed. Plea Agreement ¶ 6.

The parties agreed the offense level for Count Two was twenty-one and the offense level for Count Three was twenty-five, for a combined offense level of twenty-five. They agreed that a reasonable and appropriate disposition was as follows: as to Count Two, a sentence of no less than the mandatory minimum sentence of sixty months; and as to Count Three, a sentence of thirty-six months to run consecutive to the sentence in Count Two. Plea Agreement ¶¶ 7,8.

On January 21, 2009, the Court held a change of plea hearing. The Court noted that the maximum sentence that could be imposed on the two counts to which Movant was pleading guilty was fifty years in custody. Transcript (TR) January 21, 2009 Hearing at 4. Movant said that he understood this. Id. The Court also informed Movant that by pleading guilty he was giving up his right to appeal on the issue of guilt or innocence, the right to appeal his

sentence and the right to file a later attack against his sentence. Id. at 5. Movant said that he understood this. Id. at 5. Movant stated that no one had used any threats or force to induce him to plead guilty, that he had read and understood the plea agreement and that the facts within it were true. Id. at 6. Movant also stated that he was thirty years old, had a ninth grade education, was not under the influence of alcohol or drugs and was satisfied with his attorney's advice and representation. Id. at 3-4.

On June 10, 2009, the Court held a sentencing hearing. The Court noted that it had received two letters from Movant in which he had asked to withdraw his guilty plea. The Court stated that it had asked Movant many questions at the change of plea hearing and his answers did not indicate a lack of voluntariness, a lack of understanding, a lack of intelligence or any misunderstanding as to the effect of his pleading guilty to the two counts. Ex. B, TR June 10, 2009 Sentencing Hearing at 3-4. The Court noted that, if Defendant breached the plea agreement, the government could then charge his prior convictions. If he was convicted of all four charges, with his priors, he would receive at least a mandatory minimum sentence of fifteen years, and that his sentence could be longer, depending on the guideline calculations. Id. at 13. The Court found that Movant had not stated any fair or just reason to withdraw his plea and imposed a sentence consistent with what the parties had agreed to in the plea agreement: ninety-six months of imprisonment consisting of sixty months on Count Two and thirty-six months on Count Three, to run consecutively. Id. at 15.

3

DISCUSSION

Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

Movant claims that he was coerced into accepting his plea agreement and seeks to have his sentence set aside and to be allowed to plead anew. The Court construes this as a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence.

Respondent argues that, in his plea agreement, Movant waived his right to attack his conviction or sentence collaterally.

A knowing and voluntary waiver of the statutory right to file a § 2255 motion is enforceable. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). The waiver must be expressly made in the plea agreement. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

Here, the written plea agreement specifically states, "I agree to give up my right to appeal my convictions, the judgment, and order of the Court," and "I agree to waive any right I may have to file any collateral attack upon my convictions or sentence . . ." Plea Agreement ¶¶ 4, 5. The plea agreement was signed by Movant and his attorney. At the change of plea hearing, the Court specifically reminded Movant of these waivers and Movant said he understood them. Ex. A, TR of Change of Plea Hearing at 5. The Court thoroughly questioned him about his ability to understand

4

the agreement, the sentence to which he was agreeing and the consequences of pleading guilty.  Id. at 5-7.

Based on the express waiver language in the plea agreement and the facts and circumstances surrounding the signing of the plea agreement and the plea colloquy, the Court finds that Movant's waiver was knowing and voluntary and is, therefore, enforceable.  Thus, Movant may not collaterally attack his sentence on any ground other than ineffective assistance of counsel.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  Id.

To prevail under Strickland, a movant must pass a two-prong test.  First, the movant must show that counsel's performance was deficient in a way that falls below an objectively reasonable standard.  466 U.S. at 687-88.  Second, the movant must show that such deficiency prejudiced him.  Id. at 687.  The first prong of Strickland requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Id.  Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Id. at 689; Wildman

v. Johnson, 261 F.3d 832, 838 (9th Cir. 2001).

Under Strickland's second prong, the movant must show that counsel's unprofessional errors were so serious that, but for these errors, there is a reasonable probability that the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. It is unnecessary for a federal court considering an ineffective assistance of counsel claim to address the prejudice prong of the Strickland test if the movant cannot establish incompetence under the first prong. Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

The record shows that Movant's counsel negotiated a plea agreement in which the government agreed to dismiss from the superseding indictment two substantive counts. One of these carried a mandatory minimum five year sentence and a maximum forty year sentence, and the other a mandatory minimum of five years consecutive and a life maximum. See Docket # 3, Superseding Indictment, Penalty Sheet, Count One, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), five year mandatory minimum, forty year maximum penalty; Count Four, 18 U.S.C. § 924(c)(1)(A), five year consecutive mandatory minimum, maximum penalty of life. Further, without the plea agreement, the government could have charged Movant's uncharged prior convictions, increasing the mandatory minimum sentence to fifteen years. Movant's counsel negotiated a sentence of ninety-six months imprisonment. Counsel's performance was not deficient.

The only fact Movant submits in support of his motion is that he was told that if he did not accept the plea agreement, he could

receive up to 240 months (twenty years) or more.  Movant does not say who it was that told him this, but even if his attorney did, it was not incorrect.  In fact, Movant could have received up to a life sentence if he had not accepted the plea agreement.  The Court informed him in the plea colloquy that he faced up to fifty years imprisonment just on the two counts that he was pleading to.  Furthermore, at the change of plea hearing, Petitioner stated that he was satisfied with his attorney's advice and representation.  Therefore, Movant's argument does not support a claim that his counsel's performance was deficient or that she coerced or manipulated him in any way.  Furthermore, Movant provides no grounds indicating his counsel's performance prejudiced him.  This claim for relief is denied.[1]

III. Motion to Appoint Counsel

A § 2255 proceeding is a civil proceeding for which there is no Sixth Amendment right to appointment of counsel.  United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990).  However, under § 3006A(g), a person seeking relief under § 2255 may be provided counsel when "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  The district court has wide discretion in deciding whether to appoint counsel for a § 2255 motion.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).  The court should consider the likelihood of success on the merits and the ability of the movant to present his claims in light of the complexities

---

[1] In light of the Court's denial of Movant's claims, it does not address Respondent's argument that his motion is procedurally flawed because it does not state facts to support a cognizable legal ground for relief.

of the issues involved.  <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Based on the foregoing, it is clear that Movant's claims have no likelihood of success on the merits.  Therefore, his motion for appointment of counsel is denied.

CONCLUSION

For foregoing reasons, the Court denies Movant's motions to vacate, set aside, or correct his sentence under § 2255 and for appointment of counsel.

IT IS SO ORDERED.

Dated:    July 21, 2010            _____
                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES WILLIAM SARRATT,

    Defendant.
_____/

Case Number: CR08-00283 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James William Sarratt
12327-111
FCI Herlong
PO Box 800
Herlong, CA 96113

Dated: July 21, 2010

    Richard W. Wieking, Clerk
    By: Ronnie Hersler, Adm Law Clerk

9